**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EARNELL HAILES, et. al., #324652

      Petitioner,

v.                                                                    Case No: 06-CV-12384

JAN WISNEWSKI, et. al.,

      Respondent.
_____/

**OPINION & ORDER SUMMARILY DISMISSING**
**PLAINTIFF'S CIVIL RIGHTS COMPLAINT WITH PREJUDICE**

This matter is before the court on Petitioner Earnell Hailes' *pro se,* civil rights complaint pursuant to 42 U.S.C. §1983, filed on May 26, 2006. For the reasons stated below, the court will summarily dismiss the complaint with prejudice.

**I. INTRODUCTION**

Petitioner, Earnell Hailes, is presently confined at Brooks Correctional Facility in Muskegon Heights, Michigan. He was convicted of third degree criminal sexual conduct and was sentenced to 120 months incarceration. Plaintiff's complaint does not focus upon challenging the conditions of his prison life, although it is a small portion of Plaintiff's claim, but rather places more emphasis upon his dispute with how his workers' compensation settlement, which is presently under the jurisdiction of the Wayne County Probate Court, is being disbursed and controlled. Accordingly, Plaintiff has filed this lawsuit against the state treasurer, an assistant attorney general, the conservator of his estate, the attorney representing the insurance company which

insured Plaintiff's previous employer, the attorney who represented him in his workers' compensation action, and the mother of one of his children. Upon review of the pleadings, the court will summarily dismiss the Petition with prejudice because: (1) Plaintiff's complaint has failed to state a claim; (2) Plaintiff's action is barred by the *Rooker-Feldman* doctrine; and (3) Plaintiff has failed to exhaust administrative remedies.

## II.  BACKGROUND

The crux of Plaintiff's claim hinges upon a workers' compensation settlement he received due to severe injuries he sustained while working on a construction site, the most significant of which was a closed head injury. A probate account was established for deposit of the settlement funds[1], due to Plaintiff's physical and mental challenges, his repeated incarceration and recurring stays in structured living environments. A conservator and a guardian ad litem were assigned in Plaintiff's probate case.

Plaintiff's complaint challenges how the settlement funds are being spent. It is purported that Plaintiff has children. He is challenging the paternity of those children, as money is being deducted from his probate account for child support. Plaintiff is also challenging any payments from the probate account being made to the conservator, guardian ad litem, and his legal counsel. Plaintiff further disputes the fact that the State of Michigan Department of Treasury obtained a temporary restraining order precluding monies from Plaintiff's workers' compensation settlement from being transferred for

---

[1] The total value of Plaintiff's settlement was $489,474.00. Of that amount, there was a cash payment of $213,500.00. The remaining amount was itemized as being for a medicare set aside trust ($173,000.00) and the structured settlement value ($102,974.00).

purposes other than for child support, reasonable conservatory fees and reasonable guardian ad litem fees. The State of Michigan Department of Treasury has intervened in the underlying matter so that it can place itself in the position to seek full or partial reimbursement from the Plaintiff for the cost of his incarceration. Plaintiff also asserts he needs funds from his probate account to pay for medical treatment and court filing fees. Finally, Plaintiff contends that his prison facility has caused him to be untimely with his court filings in its improper mailing of his documents. Although Plaintiff does not directly bring a claim based on matters asserted in his grievances, he attached grievances regarding prison officials opening his mail outside of his (Plaintiff's) presence and failing to adhere to Plaintiff's photocopy and library usage requests.

### III. STANDARD

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Also, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

### A. Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). The court must read Plaintiff's *pro se* Complaint indulgently, construe it liberally, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. at 33. A complaint fails to state a claim upon which relief may be granted where it appears beyond doubt that the plaintiff can prove no set of facts supporting his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Moreover, a complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

### B. Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker-Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine holds that lower federal courts do not have jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28 U.S.C. § 1257. *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002). The Supreme Court recently reaffirmed the doctrine, holding that the doctrine applies to "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Indus. Corp.*, --- U.S. ---, --- , 125 S.Ct. 1517, 1521-22 (2005) .

### C. Failure to Exhaust Administrative Remedies

A preliminary question in prisoner civil rights cases challenging the conditions of confinement is whether the prisoner exhausted administrative remedies before filing the complaint. 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under §1983 or some other federal law, *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002), and regardless of the relief sought and offered through administrative procedures. *Booth v. Churner,* 532 U.S. 731, 741 & 741 n.6 (2001). Exhaustion of administrative remedies is mandatory "even if proceeding through the administrative system would be 'futile.'" *Jones Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005) (citation omitted).

In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249

F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003).

## IV.  DISCUSSION

### A. Plaintiff Has Failed to State a Claim Upon Which Relief May be Granted

Plaintiff's civil rights complaint first presents an issue of whether his claims are cognizable in this prisoner civil rights action under 42 U.S.C. § 1983.  "[A] §1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973).  The required analysis focuses on the remedy resulting from a prisoner's success on the merits of his or her claims, rather than on the particular remedy sought by the complaint.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Consequently, even if the prisoner seeks monetary damages for claimed constitutional violations, his or her complaint is not cognizable under § 1983 when success on the merits ""necessarily imp[ies] the invalidity of the punishment imposed." *Wood v. Balisok,* 520 U.S. 641, 648  (1997); see *Heck*, 512 U.S. at 487.  Thus to the extent that Plaintiff challenges the validity of his underlying conviction, that claim is not cognizable under § 1983.

In this case, however, a significant portion of Plaintiff's complaint does not at all challenge the validity of his conviction, nor does it address the conditions of his prison life.  Instead, Plaintiff's complaint centers around the disposition of his workers' compensation structured settlement and has been lodged against individuals who either are seeking to or have sought to obtain a portion of the proceeds and individuals who were involved with allowing such disbursements to occur.  Such allegations do not implicate the deprivation of a constitutional right, as is required to state a claim under §

1983.

Federal courts are courts of limited jurisdiction; they exercise only that authority conferred on them by Article III and congressional enactments pursuant thereto. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A federal court has an obligation to satisfy itself that it has subject matter jurisdiction. *Id.* Furthermore, a plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8; *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999).

To the extent that Plaintiff has not challenged the conditions of his prison life, or alleged any facts which rise to the level of being deprived of a federal constitutional right as a prisoner, the court lacks jurisdiction over Plaintiff's complaint. Moreover, Plaintiff has filed this lawsuit against the state treasurer, an assistant attorney general, the conservator of his estate, that attorney representing the insurance company which insured Plaintiff's previous employer, the attorney who represented Plaintiff in his workers' compensation action, and the mother of one of his children. With respect to the state treasurer and the assistant attorney general, under the Eleventh Amendment, a state, its officials, and its employees may be sued in federal court only when the state has consented to suit. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). This doctrine applies to a lawsuit in which a state's officials or employees are sued for money damages regarding their official actions, because a judgment would be satisfied from the state's treasury and, therefore, it is the state itself that is the real party in interest. See *Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir.1994). Thus, a lawsuit challenging official action taken by state officials or employees and seeking money damages is

barred by the Eleventh Amendment.  *See O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir.1994).

In this case the Plaintiff is seeking monetary damages among other requests for relief.  The Plaintiff does not assert any wrongdoing by either of these state government officials.  Their only link to the Plaintiff is their efforts on the part of the State of Michigan Department of Treasury to limit funds being disbursed from Plaintiff's settlement and to secure reimbursement for his incarceration.  Since these party Defendants were acting in their official capacities, they are immune from suit pursuant to the Eleventh Amendment.

The remaining party Defendants are attorneys, the conservator of Plaintiff's estate, and the mother of one of Plaintiff's children.  Not only does Plaintiff fail to articulate any alleged wrongdoing that these party Defendants participated in to warrant being named in this lawsuit, but more importantly, he has also failed to establish how these party Defendants are relevant to a constitutional challenge to the conditions of Plaintiff's prison life.  The only involvement these party Defendants have in this matter is their mutual receipt of money from Plaintiff's settlement proceeds.

For these reasons, the court finds that Plaintiff's claims against these party Defendants are frivolous.[2]

---

[2] Reading Plaintiff's *pro se* complaint liberally, the only possible cause of action that Plaintiff could be asserting under § 1983 relates to his allegations that he has been deprived medical services relating to his dental work.  (*See* Compl. at 14-15.)  Aside from the fact, however, that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies relating to this allegation, *see infra* subsection C., Plaintiff has also failed to name as a defendant any individual who has even an arguable relation to this assertion.  Thus, even construing Plaintiff's complaint liberally, it cannot be read to include a cause of action under the Eighth Amendment for deliberate indifference to his

### B. *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions. *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* doctrine). The doctrine applies where, as here, the court is "presented with claims that raise issues which were the subject of, or inextricably intertwined with, state court decisions." *Id.* at 970.

In this case, the gravaman of Plaintiff's complaint is that the underlying probate matter, and the court-ordered distribution of his workers compensation settlement proceeds should be set aside. Plaintiff alleges various defects in the adjudication and resolution of the probate court matter, and further alleges that "[t]he inmate has attempted to appeal these offenses. The courts have denied a ruling on the merits of the issues raised. The latest being in the Michigan Supreme Court." (Compl. at 15.) Plaintiff therefore seeks this court to review the state court matter and set aside the orders of the state court judge.

This court, however, lacks subject matter jurisdiction over these claims under the *Rooker-Feldman* doctrine. *See Gottfried v. Med. Planning Serve., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). The court must dismiss this case because Plaintiff's claims are "inextricably intertwined" with the state court probate decision. "Put simply, claims like these are barred from the inferior federal courts because these courts have no authority to review state court decisions or any issues that either the state court or the parties

---

known medical needs. Thus, this order should not be interpreted so as to bar Plaintiff from bringing such a claim in a future action after he has exhausted his administrative remedies.

considered or raised, or could have, in the course of the state court decisions." *Id.* Inasmuch as it is apparent from the face of the complaint that the court lacks subject matter jurisdiction over this case, the court will dismiss the action as being barred by the *Rooker-Feldman* doctrine.

### C. Plaintiff has Failed to Exhaust his Administrative Remedies

The Michigan Department of Corrections (MDOC) has a three-step administrative remedy procedure. *See MDOC Policy Directive 03.02.130 (Dec. 19, 2003).* These procedures:

> require the prisoner to first file a grievance with the internal grievance coordinator at the prison in which he is incarcerated. If the grievance is denied at this level, the prisoner can appeal it to the prison's warden. If denied a second time, the prisoner can exercise a final appeal to the office of the Michigan Department of Corrections' director. *See MDOC Policy Directive 03.02.130.* Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted.

*Jones Bey,* 407 F.3d at 803 n.

In this case, Plaintiff has filed several grievances regarding various different matters (i.e., denial of the opportunity to make photocopies, limited opportunities to use the library, the opening of Plaintiff's mail without him being present, improper mailing of Plaintiff's court filings, etc.), and they are attached to Plaintiff's complaint. However, Plaintiff has not only failed to name any of the party Defendants within the text of his grievances as persons who committed the alleged wrongdoing, but he has failed to name any particular individual in the body of the complaint. Moreover, Plaintiff has failed to demonstrate that he has exhausted the three step grievance process as to any of the attached grievances. Plaintiff offers no explanation for his failure to exhaust his administrative remedies. Plaintiff has not shown that exhaustion would be futile.

Since Plaintiff has failed to meet his burden of showing that he has fully exhausted the required administrative remedies as to the claims contained in his Complaint, this matter would ordinarily be dismissed without prejudice.  However, since Plaintiff has failed to state a claim upon which relief can be granted and the court finds that Plaintiff's complaint to be frivolous, as set forth above, this matter will be dismissed.

## V.  CONCLUSION

For the reasons stated,  IT IS ORDERED that the Plaintiff's "Complaint"  [Doc. #1] is DISMISSED WITH PREJUDICE.  IT IS FURTHER ORDERED that Plaintiff's "Motion for Waiver of Fees and Costs"  [Doc. #2] is DENIED as moot.

 S/Robert H. Cleland   
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner   
Case Manager and Deputy Clerk  
(313) 234-5522