UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EARNELL HAILES et. al.

       Plaintiff,

                                  Case No. 06-CV-12384

v.

JAN WISNEWSKI et. al.,

       Defendants.

_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff Earnell Hailes filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 26, 2006. The court summarily dismissed that complaint on May 31, 2006 and plaintiff filed a motion for reconsideration on July 11, 2006.[1] For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

**A. The court's Order of May 31, 2006**

The court's dismissal of Plaintiff's complaint was three-fold. First, the court found that Plaintiff failed to state a claim for the following reasons: (1) Plaintiff had not alleged facts relative to the conditions of his prison life which rose to the level of deprivation of a federal constitutional right, (2) some Defendants were immune from liability under the Eleventh Amendment, and (3) Plaintiff failed to allege any facts implicating the

---

[1] A detailed exposition of the factual background of this case, which appears in the order of May 31, 2006, is not necessary for purposes of this order.

remaining Defendants in any wrongdoing or constitutional deprivation.  Second, pursuant to the *Rooker-Feldman*[2] doctrine, the court lacked subject matter jurisdiction over the Plaintiff's state probate claims.  Finally, the court concluded that Plaintiff failed to exhaust his administrative remedies relative to his grievances while in custody.

### B. Plaintiff's Instant Motion

Plaintiff's motion for reconsideration focuses upon the court's finding that he did not exhaust his administrative remedies.  Plaintiff discusses several grievances, many of which he presents for the first time to the court: (1) denial of heat while in county jail, (2) misplacement of defendant's suit and other clothing while in county jail, (3) denial and/or improper administration of medical treatment, (4) inadequate dental care, (5) denial of entry into sexual offender group counseling sessions even though participation is required in order to receive an opportunity for an early release, (6) denial of a leg lift and cane, (7) indifference by corrections staff regarding his mental and physical disabilities, (8) indifference by staff to Plaintiff's exposure to secondhand smoke despite an allergy, (9) "bogus" misconduct citations, (9) difficulty in receiving photocopies, (10) sexual harassment, (11) being housed in an institution that is incapable of addressing Plaintiff's health care (physical and mental) needs, (12) tampering with Plaintiff's medication by staff, (13) compelling Plaintiff to make co-payments on his medication purchases, (14) denial of meals in conjunction with some medication that had to be taken with food, (15) denial of legal papers and carbon paper, and (16) denial of his request for a pair of shoes.

---

[2]*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

Plaintiff admits that some of these grievances were only exhausted through the first or second step of the administrative process.  However, Plaintiff asserts that most of these issues were administratively exhausted.  Accordingly, Plaintiff requests the opportunity to amend his complaint to include the Michigan Department of Corrections ("MDOC") and certain individuals in its employ, whom he does not name in his reconsideration motion.  Plaintiff also requests that he be permitted to file another brief with as many exhibits (i.e., grievances and responses) attached as he can obtain, asserting that he has problems receiving photocopies from his prison facility.

## II.  STANDARD

Motions for reconsideration are governed by the following standard:

> [g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h); *see also*, *Czajkowski v. Tindall & Associates, P.C.*, 967 F.Supp. 951, 952 (E.D. Mich. 1997).  Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain.  *Id.,* (citing *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001)).

The court finds that Plaintiff has not alleged any palpable defect by which the court and the parties have been misled and will deny Plaintiff's motion for

reconsideration.

### III. DISCUSSION

In Plaintiff's civil rights complaint, the only allegations he made relating to his prison life regarded the alleged negligent dental care he received. Plaintiff had filed several grievances regarding various matters (i.e., denial of the opportunity to make photocopies, limited opportunities to use the library, the opening of Plaintiff's mail without him being present, improper mailing of Plaintiff's court filings, etc.), and attached them to his complaint. However, Plaintiff did not name any of Defendants within the text of his grievances, nor in the body of his complaint, as persons who committed the alleged wrongdoing. Moreover, Plaintiff failed to demonstrate that he exhausted the three-step grievance process as to any of the attached grievances and offered no explanation for his failure to exhaust his administrative remedies as to some of his grievances.

In Plaintiff's reconsideration motion, he raises another set of grievances. He asserts without much clarity that the administrative process has been exhausted as to some of the issues. In order to rectify the matter, Plaintiff seeks the opportunity to amend his complaint to include MDOC and certain employees and to submit additional documentation to substantiate his claim that he has exhausted his administrative remedies.

The Sixth Circuit has held, however, that a prisoner may not amend his Section 1983 complaint to cure a failure to plead the exhaustion of administrative remedies. *Baxter v. Rose*, 305 F.3d 486, 487 (6th Cir. 2002). In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Sixth Circuit examined the Prisoner Litigation Reform Act

("PLRA") screening rules and their effect on the prisoner-plaintiff's ability to amend his complaint. The court held that under PLRA "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *Id.* at 612. A plaintiff who fails to allege exhaustion of administrative remedies through particularized averments does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). "The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles*, 215 F.3d at 642.

Because Plaintiff has not specifically presented his claims or the fact of exhaustion, the court cannot intelligently decide the issue. The only grievance that was in Plaintiff's original complaint regarding dental care remains inadequately pled. There is no indication regarding whether the grievance was administratively exhausted, nor the name of the individual(s) responsible for Plaintiff's alleged dental problems. Furthermore, because Plaintiff has alleged facts in his reconsideration motion regarding grievances that were not before the court in the original complaint, there can be no palpable defect in the court's assessment of Plaintiffs original claim. Accordingly, reconsideration is not appropriate and, unless exhaustion has indeed occurred, Plaintiff should seek adjudication through the grievance process.

Finally, Plaintiff failed to name any specific defendants in his factual allegations. "[F]or a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the

part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff's failure to name anyone relative to his dental care claim and the other grievances precludes a finding of exhaustion. *Id.* at 576, n. 4-5 (claim of retaliation which was initially raised by prisoner in Step II of the grievance process was not administratively exhausted).[3]

### IV. CONCLUSION

Plaintiff's motion for reconsideration has not demonstrated any palpable defect in the court's ruling. Rather, Plaintiff attempts to amend his complaint by adding new grievance claims and defendants. For the reasons stated above,

IT IS ORDERED that the Plaintiff's "Motion for Reconsideration" [Doc. #5] is DENIED.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: August 1, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 1, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

---

[3] Finally, the court notes that the other grounds for dismissal remain unchallenged: lack of subject matter jurisdiction and failure to state a claim.